IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AHRMANDE LECOUNT | : | CIVIL ACTION |
| | : | No. 06 - 0774 |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE PATRICK ET AL. | : | |
| | : | |
| Respondents. | : | |

ORDER

AND NOW, this 30th day of August, 2006, upon careful and independent consideration of the pleadings and record herein, including the state court record, and after a review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi and the Objections filed by Petitioner Ahrmande Lecount, it is hereby ORDERED as follows:

1.  The Report and Recommendation is APPROVED AND ADOPTED.

2.  The petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED.

3.  A Certificate of Appealability shall not issue inasmuch as petitioner has not made a substantial showing of the denial of a constitutional right.

Petitioner Ahrmande Lecount was found guilty after a jury trial in the Court of Common Pleas of Montgomery County of one count of third degree murder, two counts of recklessly endangering another person, possession of an instrument of crime, possession of a weapon, and carrying an unlicensed firearm. He was sentenced to fifteen to thirty years imprisonment on the third degree murder conviction, along with concurrent terms on the other charges. Following his direct appeal and three petitions filed in the Pennsylvania courts under the Post Conviction Relief Act, 42

Pa. Con. Stat. § 9541, et seq., Lecount filed a federal habeas petition pursuant to 28 U.S.C. § 2254.

Lecount raised nine issues in his federal petition:

1. Trial counsel was ineffective for failing to use a peremptory strike to eliminate a juror who was the wife of the arresting officer.

2. Prosecutorial misconduct arising from the prosecutor expressing his personal belief in the credibility of a witness during his closing statement.

3. Denial of due process and the right to an impartial jury arising from the failure to eliminate the same juror identified in Issue 1.

4. The evidence was insufficient to establish Lecount's conviction for third degree murder because the Commonwealth failed to prove malice.

5. The evidence was insufficient to prove third degree murder because the evidence demonstrated Lecount acted with legal justification.

6. The trial court erred in failing to instruct the jury that, before the Commonwealth could prove provocation and thus foreclose a legal justification defense, it had to show Lecount acted with intent to cause death or serious bodily injury.

7. The evidence contradicted the Commonwealth's theory of the crime.

8. Trial counsel was ineffective for (a) failing to object to the trial judge's improper statements during jury instruction, (b) failing to object to the prosecutor's improper statements during closing and (c) failing to act upon Lecount's request during trial.

9. Denial of the right to appeal due to the Commonwealth's failure to provide a complete trial transcript.


Procedurally Defaulted Claims.

Issues 1, 2, 3 and 8 were procedurally defaulted. Ordinarily, federal habeas review is barred if petitioner has procedurally defaulted. Coleman v. Thompson, 501 U.S. 722 (1991). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Id. at 731-732. Federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice arising therefrom. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). To show cause for the default, petitioner must "show some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule." Id.  To show prejudice, the petitioner must demonstrate "not merely that the errors . . . created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 193.

If a petitioner cannot demonstrate cause and prejudice, the procedural default will be excused if petitioner can demonstrate that a failure to consider his claims will result in a miscarriage of justice.  Coleman, 501 U.S. at 750.  The United States Supreme Court has repeatedly held that the scope of the miscarriage of justice exception is a narrow one.  Sawyer v. Whitley, 505 U.S. 303 (1992); McCleskey v. Zant, 499 U.S. 467 (1991); Dugger v. Adams, 489 U.S. 401 (1989).  This exception only applies when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).  The Supreme Court has suggested that the test for actual innocence is whether there is "a fair probability that, in light of all the evidence, including that to have been . . . wrongly excluded or to have become available only after trial, the trier of the fact would have entertained a reasonable doubt of his guilt." Kuhlmann v. Wilson, 477 U.S. 436, 454-5 n.17 (1986).

The procedural default regarding Issue 1 was Lecount's failure to raise counsel's alleged failure to strike the allegedly biased juror on his appeal and in his first PCRA petition.  Lecount attempted to raised the issue for the first time before the Superior Court on appeal from the denial of his first PCRA petition.  However, it was deemed waived by the Superior Court because Lecount had not raised it below in the PCRA petition.

The procedural default regarding Issue 2 – the prosecutorial misconduct claim – was also Lecount's failure to raise it on appeal or in his first PCRA petition.  He first attempted to litigate that

claim in his third PCRA petition.  The state court likewise deemed this issue waived because it was not raised on direct appeal or in the earlier PCRA petitions.

These state court findings of waiver constitute federal procedural defaults.  Lecount has failed to show cause for the procedural defaults on Issues 1 and 2 and actual prejudice resulting therefrom. On Issue 1, his only objection[1] to the Report and Recommendation's conclusions on the cause element is that trial counsel's ineffectiveness "caused" the juror to be seated, and the prejudice of having a biased juror is "obvious."  This misses the mark entirely.  The waiver that "caused" the procedural default of Issue 1 was not trial counsel's failure to object to the juror but rather Lecount's failure to raise the issue on direct appeal or in his first PCRA petition, attempting instead to raise it for the first time on the appeal from the denial of the petition.  As Lecount cannot demonstrate cause for the default, he was thus required to demonstrate a fundamental miscarriage of justice would occur if the issue was not addressed.  Lecount makes no showing of actual innocence so as to support a miscarriage of justice argument.   Accordingly, we adopt the Report and Recommendation's conclusion that Issues 1 and 2 are procedurally defaulted.

In Issue 3, Lecount's federal habeas petition attempts to state a due process claim, as well as a Sixth Amendment right to an impartial jury claim, arising from counsel's failure to make a peremptory challenge to the allegedly biased juror.  Issue 3 was never raised by petitioner in any state court proceeding.  Accordingly, it is an unexhausted claim.  The exhaustion requirement should be excused, however, because of the futility of trying to raise it now in yet another untimely PCRA petition in the state courts.  See Lines v. Larkins, 208 F.3d 153, 162-63 (3d Cir. 2000) ("futility"

---

[1]Lecount raises the same objection as regards the procedural default of Issue 3.  He raises no objection regarding the procedural default of Issue 2.

exists where the state provides no means of seeking the relief sought).  Although exhaustion may be excused, the procedural default rule still applies because Pennsylvania's procedural rules prevent Lecount from seeking further relief in the state courts.  For the reasons stated in regard to Issue 1, we conclude that Lecount has not shown cause and prejudice so as to excuse the default, and has made no showing of a miscarriage of justice.  Accordingly, we adopt the Report and Recommendation's conclusion that Issue 3 is also procedurally defaulted.

In Issue 8 Lecount asserts that trial counsel was ineffective for (a) failing to object to the trial judge's improper statements during jury instruction, (b) failing to object to the prosecutor's improper statements during closing and (c) failing to act upon Lecount's request during trial.  None of these claims was raised on direct appeal or in Lecount's first PCRA petition.  Although subclaim (a) was presented to the state courts in Lecount's second PCRA petition, that petition was dismissed and the issue was not thereafter pursued.  As such, we agree with the Report and Recommendation's conclusions that Issue 8's claims are unexhausted.  Because corrective state process is no longer available, we also agree that the exhaustion requirement should be excused, that Lecount has procedurally defaulted the issue, and that he has not shown cause and prejudice or a miscarriage of justice.  Accordingly, we adopt the Report and Recommendation's conclusion that Issue 8 is procedurally defaulted.[2]

---

[2]Lecount's objection regarding Issue 8 is that PCRA counsel was ineffective for failing to raise the claims.  However, because Petitioner has no federal constitutional right to counsel in the PCRA proceedings, ineffectiveness of counsel during those proceedings cannot serve as cause to excuse the procedural default.  Coleman, 501 U.S. at 757 ("Because [the petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas."); Hull v. Freeman, 991 F.2d 86, 91 (3d Cir.1993) ("Under Coleman, ineffective assistance of post-conviction counsel cannot constitute 'cause' because the Sixth Amendment does not entitle a defendant to post-conviction counsel").

Proof of Malice and Self Defense.

Issues 4, 5, 6 and 7 are interrelated.  Issue 4 concerns the sufficiency of the evidence supporting Lecount's conviction for third degree murder based upon a failure of the Commonwealth to prove malice.[3]  In Issue 5, Lecount argues there could not have been proof of malice because the evidence demonstrated he acted in self defense, which negates malice.  Issue 6 attacks the trial court's instructions on malice and legal justification, and Issue 7 argues the jury's decision to accept the Commonwealth's theory of malice was against the weight of the evidence.  To discuss these issues, we must first discuss the facts established by the state courts.[4]

Lecount attended a party at the victim's apartment.  An argument ensued between Lecount and the victim, K-Ron Johnson, over Lecount's smoking a cigarette soaked in formaldehyde and talking with the victim's girlfriend, Chantel King, in Johnson's bedroom.  Johnson repeatedly asked Lecount to leave and put out the cigarette, but Lecount ignored him.  Another person, Marcus Barnes, then asked Lecount to leave.  Lecount complied, but returned to the bedroom after only a short time.  Johnson again asked him to leave, but was ignored.  Johnson then picked up a gun that was near the bed and again told Lecount to leave.

Lecount did not leave; rather, he stood his ground staring down Johnson for several moments. He then drew a handgun from his waistband.  Barnes, seeing the gun, pushed Johnson and attempted

_____

[3]Although Lecount literally framed the issue as a "weight" of the evidence argument, Judge Scuderi construed the argument as a sufficiency of the evidence argument because there is no permissible habeas review of the weight of evidence and Lecount actually presented a sufficiency of the evidence argument to the state courts.  See slip op. at Footnote 11.

[4]See Commonwealth v. Lecount, No. 1082 EDA 2002 (Pa. Super. November 19, 2002) slip op. at 1-2; Commonwealth v. Lecount, No. 8613-00 (Pa. Common Pleas June 7, 2002) slip op. at 5-7.

to close the bedroom door to separate the two men.  Ms. King testified that the door did not close because Lecount kicked it back open.

Two or three gunshots happened in rapid succession.  Ms. King testified that Lecount was the first to fire.  The evidence showed that Johnson's gun jammed after his first shot.  That shot hit Lecount's jacket sleeve, but he was uninjured.  Lecount's shot hit Johnson, killing him almost instantly.  After the shooting, Lecount went across the hall to another apartment where the police later arrested him.

Lecount argues that the Commonwealth failed to prove he acted with malice because there was no proof that he provoked Johnson's use of force and the evidence demonstrated he acted in self-defense.  The Supreme Court law for habeas review of a sufficiency of the evidence claim is whether any rational fact finder could have found the essential elements beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  "When reviewing a sufficiency of the evidence claim on habeas corpus review, federal courts look to the evidence the state considers adequate to meet the elements of a crime governed by state law."  Jackson v. Byrd, 105 F.3d 145, 149 (3d Cir. 1997).

In Pennsylvania, third degree murder does not require a specific intent to kill, but does require malice.  Commonwealth v. Austin, 394 Pa.Super. 146, 155 (1990).  Malice is an essential element of murder in the third degree and is the distinguishing factor between manslaughter and murder.  Commonwealth v. Young, 494 Pa. 224, 227 (1981).  "Malice in its legal sense exists not only where there is a particular ill will, but also whenever there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty."  Id. at 232 (internal citations omitted).

To establish self-defense under Pennsylvania law, a defendant must show that (a) he

reasonable believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the actor did not violate any duty to retreat. Commonwealth. v. Harris, 550 Pa. 92, 108 (1997). The Commonwealth has the burden to disprove such a defense beyond a reasonable doubt. Commonwealth v. Upsher, 497 Pa. 621 (1982); Commonwealth v. Eberle, 474 Pa. 548 (1977).

The state courts determined that Lecount failed to demonstrate that he acted free of fault in provoking the altercation with the victim. This conclusion was based on the facts that Lecount instigated the argument by failing to abide by the request that he put out his cigarette, leave the bedroom and stop talking with the girlfriend. It was also determined that Lecount did not meet the requirement that he believe he was in imminent danger because he could not have reasonable believed that Johnson would have used his gun had Lecount actually left the bedroom when asked. Finally, it was determined Lecount violated his duty to retreat, both prior to and after Johnson brandished his gun, choosing instead to stand his ground, draw his own gun, and fire. Commonwealth v. Lecount, No. 1082 EDA 2002, slip op. At 5-6.

This evidence cited by the Pennsylvania courts was adequate to establish the element of malice and to negate self defense. A rational fact finder could have concluded that Lecount's repeatedly ignoring Johnson's requests to put out his formaldehyde laced cigarette, stop talking with Johnson's girlfriend, and leave the bedroom, constituted both ill will and recklessness of consequences of his actions. In addition, a rational fact finder could clearly have found provocation, that Lecount was not in imminent danger, and that he violated his duty to retreat. Thus, the state courts' conclusions that the Commonwealth established malice and negated self defense were based

upon reasonable determinations of the facts.[5]

In Issue 6, Lecount claims the state trial court erred in failing to instruct the jury that, before the Commonwealth could establish provocation and foreclose reliance on self defense, it had to prove the defendant acted with an intent to cause death or serious bodily injury.  He argues the court's instruction failed to inform the jury that the Commonwealth had to prove provocation.  The trial record refutes this assertion.  The trial court instructed the jury:

> . . . you cannot find [Lecount] guilty of any crime unless you are satisfied beyond a reasonable doubt that [Lecount] did not reasonably believe that he was in immediate danger of death or serious bodily injury from K-Ron Johnson, or that [Lecount] did not reasonably believe it was necessary then and there to use deadly force upon K-Ron Johnson to protect himself, *or that [Lecount] was not free from fault in provoking or continuing the difficulty which led to his use of deadly force*, or that [Lecount] violated a duty of retreat.

Notes of Testimony, June 20, 2001 at 53 (emphasis added).  In post trial motions, the trial court determined its instruction on self defense was complete, correct and fair because it advised the jury that self defense was a complete defense to criminal homicide, the burden was upon the Commonwealth to disprove self defense beyond a reasonable doubt, the defendant had no burden to prove anything, and that he could not prevail on self defense unless the jury determined he was free from fault in provoking or continuing the dispute.  The trial court noted that, under Pennsylvania law, an instruction must be considered as a whole, error cannot be predicated on isolated excerpts, and it is the general effect of the charge that controls.  Commonwealth v. Lecount, No. 8613-00, slip op. at 28 (citing Commonwealth v. Saunders, 529 Pa. 140 (1992)).

---

[5]Lecount's objection, based upon the Pennsylvania statute governing the use of force for the protection of property, 18 Pa. Cons. Stat. § 507, is irrelevant.  Lecount argues that as *he* was an invited guest at Johnson's apartment, *Johnson's* use of force to expel him was unjustified.  Lecount's assertion that, if Johnson's shot had killed Lecount, Johnson's act would not have been legally justified, has no bearing on the facts actually demonstrated by the Commonwealth.

The burden of demonstrating that an erroneous instruction was so prejudicial as to support a federal collateral attack on a state court judgment is greater than that required to establish plain error on direct appeal; the question is "whether the instruction so infected the entire trial that the resulting conviction violated due process, not merely whether the instruction was undesirable, erroneous, or even universally condemned." See Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (a single instruction to the jury may not be judged in artificial isolation but must be viewed in the context of the overall charge). Nothing in the trial court's instruction meets this standard. The self defense instruction used here had been approved by the Pennsylvania appellate courts, see Commonwealth v. Alvin, 357 Pa. Super. 509, 519 (1986), and did not contradict the statutory language of 18 Pa. Con. Stat. 505(b)(2)(I). Neither was the state court decision upholding the instruction clearly contrary to federal law as established by the Supreme Court. Accordingly, we adopt the Report and Recommendation's conclusion that the jury instruction on malice and self defense was proper.[6]

In Issue 7 Lecount argues the jury's decision to accept the Commonwealth's theory of malice was against the weight of the evidence. A federal court has no power to grant habeas corpus relief because it finds that the state conviction is against the "weight" of the evidence. See Tibbs v. Florida, 457 U.S. 31, 42-45 (1982); Marshall v. Lonberger, 459 U.S. 422, 434 (1983); see also Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir.1985) (noting that the principle that a federal habeas

---

[6]Lecount's only objection to the Report and Recommendation's conclusion on Issue 6 must be rejected. He argues that the trial court abused its discretion by telling the jury "you cannot find the defendant guilty unless you are satisfied beyond a reasonable doubt that he defendant fired the fatal shot." Lecount never raised this abuse of discretion argument before the state courts. Neither did he raise it his habeas petition. His only claim is that the Commonwealth did not prove he acted with an intent to cause death or serious bodily injury.

corpus court cannot grant habeas relief because it finds that the conviction is against the weight of the evidence is "fundamental"). Accordingly, this issue has no merit.[7]

Failure to Produce the Trial Transcript.

Finally, Lecount contends in Issue 9 that he was denied the right to appeal due to the Commonwealth's failure to provide him with a complete trial transcript. According to Lecount, he was never provided the transcript of voir dire and side bar conversations, as well as grand jury notes. Lecount "presented" this claim in his response to the state court's notice of its intent to dismiss his third PCRA petition. After the court notified him that his petition was probably untimely, Lecount contended that the absence of the material entitled him to an exception to the PCRA's time requirements. See 42 Pa. Con. Stat. § 9545(b)(1)(I-iii). The contention was rejected because Lecount failed to specificity what transcripts he was missing and how the failure to get them prevented him from timely presenting the issued he sought to raise. Accordingly, the state court dismissed the petition as untimely.

To the extent the failure to provide the transcripts was "fairly presented' to the state courts as an independent ground for relief, see Picard v. Connor, 404 U.S. 270 (1971), Lecount has failed to demonstrate any colorable need for the material. See Mayer v. City of Chicago, 404 U.S. 189, 195 (1971) (criminal defendant must first show a "colorable need" for a complete transcript before the state must meet its burden of showing that something less will suffice). While he has stated with some specificity what transcripts he is missing, he still offers no explanation of how the failure to

---

[7]Lecount raises no specific objection to the Report and Recommendation's conclusions on Issue 7.

get them effected his appellate rights.  Lecount's assertion that, without the records he did not know what issues could be found in therein, is mere speculation and  does not demonstrate a colorable need for the materials.

BY THE COURT:

/s/ James T. Giles

_____

James T. Giles, J.