# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                          |   |                     |
|--------------------------|---|---------------------|
| AHRMANDE LECOUNT         | : |                     |
|                          | : |                     |
| Petitioner,              | : |                     |
|                          | : | CIVIL ACTION        |
| v.                       | : |                     |
|                          | : | NO. 06-cv-774       |
| GEORGE PATRICK, *et al*. | : |                     |
|                          | : |                     |
| Respondents.             | : |                     |

**MEMORANDUM**

YOHN, J.  September 17, 2013

Petitioner, Ahrmande LeCount, has filed a motion for relief from a final order under Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the foregoing reasons, the motion will be stayed.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 20, 2001, Ahrmande LeCount was convicted by a jury of third-degree murder and other related offenses in the Court of Common Pleas of Montgomery County before the Honorable William T. Nicholas. On October 29, 2001, Judge Nicholas sentenced LeCount to not less than fifteen years, but not more than thirty years' imprisonment. After his sentence, LeCount—through his trial attorney, Francis M. Walsh—filed a direct appeal to the Superior Court of Pennsylvania. The Superior Court affirmed LeCount's judgment of conviction and sentence on November 19, 2002. The Supreme Court of Pennsylvania denied LeCount's petition for allowance of appeal on October 7, 2003. Thus, LeCount's sentence became final on January

5, 2004, after the expiration of the ninety-day period in which LeCount could have petitioned for a writ of certiorari in the U.S. Supreme Court.

On June 1, 2004, LeCount filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq*. One of the claims in his petition was a general allegation that his trial counsel was ineffective. Upon receipt of the petition, Judge Nicholas appointed Joseph J. Hylan to represent LeCount in the PCRA proceedings. After reviewing the record and corresponding with his client, Hylan determined there was no merit to LeCount's PCRA petition. With respect to LeCount's ineffective-assistance-of-trial-counsel claim, Hylan explained that a general allegation of ineffectiveness on the part of Walsh would not suffice, and because LeCount could not provide any specific examples of ineffective assistance, that claim was without merit.[1] Accordingly, on June 30, 2004, Hylan petitioned Judge Nicholas for permission to withdraw as counsel. On August 5, 2004, Judge Nicholas issued an order granting Hylan leave to withdraw and dismissing LeCount's PCRA petition as meritless.

LeCount did not immediately appeal the dismissal of his first PCRA petition to the Supreme Court, but instead filed a second PCRA petition on August 17, 2004. In his second PCRA petition, one of LeCount's claims was that his trial counsel (Walsh) was ineffective because he failed to object to the trial court's allegedly improper jury instructions. On October 4, 2004, Judge Nicholas dismissed the second PCRA petition as meritless. With regard to the claim

---

[1]Hylan sent a letter to LeCount, dated June 10, 2004, in which he asked for specific examples of ineffective assistance of counsel. LeCount replied to Hylan via letter, dated (incorrectly) April 14, 2004, but failed to provide any specific examples of ineffective assistance from Walsh.

for ineffective assistance of trial counsel, Judge Nicholas noted that Walsh had raised objections to the jury instructions both to the trial court and the Superior Court on direct appeal, and furthermore, that the jury instructions were proper.

While awaiting disposition of his second PCRA petition, on August 27, 2004, LeCount appealed the dismissal of his first PCRA petition to the Superior Court. Then, on November 4, 2004, LeCount appealed the dismissal of his second PCRA petition.[2] For efficiency, the Superior Court consolidated the appeals. In his brief on appeal from his first PCRA petition, LeCount made the argument—for the first time—that Walsh's representation at trial was ineffective because he allegedly failed to strike a biased juror. The Superior Court held that because this argument had not been made to the PCRA court, and because new arguments cannot be made on appeal, LeCount's more specific allegation of ineffective assistance of counsel was waived, an independent and adequate state procedural ground for denying a claim. Accordingly, on August

---

[2]On November 15, 2004, LeCount filed a "Motion for Enlargement of Time" with the Superior Court of Pennsylvania, in which he also requested from the trial court transcripts and notes from his trial. On December 13, 2004, the Superior Court granted LeCount's motion, and directed the trial court to send to LeCount notes of testimony relevant to his appeals of the first and second PCRA petitions. On January 11, 2005, the trial court provided LeCount with ten volumes of trial transcripts. Nevertheless, on October 16, 2006, when LeCount filed his fourth PCRA petition, he claimed that he was entitled to relief because the trial court had not provided him with transcripts of the voir dire proceedings. In a notice of intention to dismiss the petition, dated October 20, 2006, Judge Nicholas explained that there was no requirement for a court to transcribe voir dire proceedings, and that the December 13, 2004 directive from the Superior Court did not order the trial court to provide LeCount with a transcription of the voir dire proceedings, but only with notes of testimony "necessary or relevant" to LeCount's appeal from his first and second PCRA petitions. Furthermore, Judge Nicholas noted that in LeCount's appeal from his third PCRA petition, the Superior Court had rejected a claim that incomplete transcripts entitled LeCount to relief, as LeCount had not previously made any specific claims with respect to the alleged missing transcripts. Accordingly, on November 2, 2006, Judge Nicholas dismissed LeCount's fourth PCRA petition as untimely, and the Superior Court affirmed on September 19, 2007.

3

11, 2005, the Superior Court affirmed the PCRA court's denial of the first PCRA petition as meritless, and quashed the second PCRA petition because it was filed prematurely. LeCount did not seek to appeal the decision to the Pennsylvania Supreme Court; thus, it became final on September 10, 2005.

Thereafter, LeCount continued to file subsequent PCRA petitions and appeals in Pennsylvania state court.[3] On February 6, 2006, LeCount also filed a federal habeas petition under 28 U.S.C. § 2254. His petition, which was amended in April 2006, included nine claims for relief, one of which was a claim that his trial counsel was ineffective for failing to use a peremptory strike on a juror who LeCount claims was the wife of the arresting officer. On August 30, 2006, the Honorable James T. Giles approved the report and recommendation of Magistrate Judge Peter B. Scuderi, and denied LeCount's petition. With respect to LeCount's claim of ineffective assistance of trial counsel, Judge Giles concluded that that claim was procedurally defaulted because LeCount had failed to raise the issue in his direct appeal or in his first PCRA petition, instead waiting until his appeal from the first PCRA petition, at which time the claim had been waived. On December 26, 2006, LeCount appealed the decision to the Third Circuit, and on July 2, 2007, the Third Circuit denied LeCount a certificate of appealability. LeCount did not seek to appeal to the U.S. Supreme Court; thus, the decision became final on September 30, 2007.

On February 21, 2013, LeCount filed this motion under Rule 60(b)(6) of the Federal

---

[3]LeCount filed his sixth PCRA petition on July 30, 2012, claiming that Hylan was ineffective because he failed to request transcripts of the voir dire proceedings from the trial. Judge Nicholas dismissed the petition as time-barred on October 3, 2012. This petition is currently pending appeal.

Rules of Civil Procedure, seeking relief from the August 30, 2006 order denying his petition for a writ of habeas corpus.

## II. DISCUSSION

Rule 60(b)(6) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A motion under subsection (b)(6) requires a showing of 'extraordinary circumstances.'" *Brown v. Wenerowicz*, No. 07-1098, 2012 WL 6151191, at *2 (E.D. Pa. Dec. 11, 2012) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). LeCount claims that, pursuant to the U.S. Supreme Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the denial of his ineffective-assistance-of-trial-counsel claim due to procedural default constitutes such an extraordinary circumstance.

In *Martinez*, the Supreme Court addressed the question of "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S. Ct. at 1315. Ordinarily, a federal court reviewing a petition for writ of habeas corpus will not reach the merits of a claim that a state court declined to hear because the petitioner failed to follow a state procedural rule (a procedurally defaulted claim). *See id*. at 1316. In *Martinez*, however, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 1320. Thus, *Martinez* opened the door to a category of claims that were once not

reviewable in a federal habeas proceeding. Post-conviction counsel's failure to raise an ineffectiveness claim concerning trial counsel can constitute "cause", the initial prong of cause and prejudice to excuse procedural default. Accordingly, LeCount asserts that the holding in *Martinez* allows his Rule 60(b)(6) motion to proceed because Walsh did not present LeCount's claim relating to the juror at trial and Hylan did not present LeCount's ineffective-assistance-of-trial-counsel claim relating to the juror in his first PCRA petition—the first time that such an ineffectiveness claim could have been made.

While *Martinez* allows a federal habeas court to review a procedurally defaulted claim based on ineffective assistance of post-conviction counsel in state court for failure to raise an ineffective-assistance-of-trial-counsel claim, *Martinez* did not address the effect of the holding on Rule 60(b)(6) motions. Thus, the question remains as to whether the change in law under *Martinez* constitutes an "extraordinary circumstance," that might justify relief under Rule 60(b)(6). That precise issue, however, was recently at the center of a case in this district, *see Cox v. Horn*, No. 00-5188 (E.D. Pa. May 23, 2013) ECF No. 79, and is now on appeal to the Third Circuit. Therefore, because it appears that the Third Circuit will soon render guidance as to *Martinez*'s effect on Rule 60(b)(6) motions, the prudent measure is to stay this matter pending such a decision.

### III. CONCLUSION

For the reasons stated above, this action will be stayed pending a decision from the Third Circuit in the matter of *Cox v. Horn*. An appropriate order follows.