IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AHRMANDE LECOUNT | : CIVIL ACTION |
| | : |
| vs. | : |
| | : |
| GEORGE PATRICK, ET AL. | : NO. 06cv774 |

MEMORANDUM

YOHN, J.                                                                                                September 30, 2015

Petitioner, Ahrmande LeCount, filed a motion for relief from a final order under Rule 60(b)(6) of the Federal Rules of Civil Procedure on February 21, 2013. For the following reasons, I stayed the motion on September 17, 2013 and now deny it.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 20, 2001, Ahrmande LeCount was convicted by a jury of third-degree murder and other related offenses in the Court of Common Pleas of Montgomery County before the Honorable William T. Nicholas. On October 29, 2001, Judge Nicholas sentenced LeCount to not less than fifteen years, but not more than thirty years' imprisonment. After his sentence, LeCount—through his trial attorney, Francis M. Walsh—filed a direct appeal to the Superior Court of Pennsylvania. The Superior Court affirmed LeCount's judgment of conviction and sentence on November 19, 2002. The Supreme Court of Pennsylvania denied LeCount's petition for allowance of appeal on October 7, 2003. Thus, LeCount's sentence became final on January 5, 2004, after the expiration of the ninety-day period in which LeCount could have petitioned for a writ of certiorari in the U.S. Supreme Court.

On June 1, 2004, LeCount filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq*. One of the claims in his petition was a general allegation that his trial counsel was ineffective. Upon receipt of the petition, Judge Nicholas appointed Joseph J. Hylan to represent LeCount in the PCRA proceedings. After reviewing the

record and corresponding with his client, Hylan determined there was no merit to LeCount's PCRA petition. With respect to LeCount's ineffective-assistance-of-trial-counsel claim, Hylan explained that a general allegation of ineffectiveness on the part of Walsh would not suffice, and because LeCount could not provide any specific examples of ineffective assistance, that claim was without merit.[1] Accordingly, on June 30, 2004, Hylan petitioned Judge Nicholas for permission to withdraw as counsel. On August 5, 2004, Judge Nicholas issued an order granting Hylan leave to withdraw and dismissing LeCount's PCRA petition as meritless.

LeCount did not immediately appeal the dismissal of his first PCRA petition to the Supreme Court, but instead filed a second PCRA petition on August 17, 2004. In his second PCRA petition, one of LeCount's claims was that his trial counsel (Walsh) was ineffective because he failed to object to the trial court's allegedly improper jury instructions. On October 4, 2004, Judge Nicholas dismissed the second PCRA petition as meritless. With regard to the claim for ineffective assistance of trial counsel, Judge Nicholas noted that Walsh had raised objections to the jury instructions both to the trial court and the Superior Court on direct appeal, and furthermore, that the jury instructions were proper.

While awaiting disposition of his second PCRA petition, on August 27, 2004, LeCount appealed the dismissal of his first PCRA petition to the Superior Court. Then, on November 4, 2004, LeCount appealed the dismissal of his second PCRA petition.[2] For efficiency, the Superior Court

---

[1] Hylan sent a letter to LeCount, dated June 10, 2004, in which he asked for specific examples of ineffective assistance of counsel. LeCount replied to Hylan via letter, dated (incorrectly) April 14, 2004, but failed to provide any specific examples of ineffective assistance from Walsh.

[2] On November 15, 2004, LeCount filed a "Motion for Enlargement of Time" with the Superior Court of Pennsylvania, in which he also requested from the trial court transcripts and notes from his trial. On December 13, 2004, the Superior Court granted LeCount's motion, and directed the trial court to send to LeCount notes of testimony relevant to his appeals of the first

consolidated the appeals. In his brief on appeal from his first PCRA petition, LeCount made the argument—for the first time—that Walsh's representation at trial was ineffective because he allegedly failed to strike a biased juror. The Superior Court held that because this argument had not been made to the PCRA court, and because new arguments cannot be made on appeal, LeCount's more specific allegation of ineffective assistance of counsel was waived, an independent and adequate state procedural ground for denying a claim. Accordingly, on August 11, 2005, the Superior Court affirmed the PCRA court's denial of the first PCRA petition as meritless, and quashed the second PCRA petition because it was filed prematurely. LeCount did not seek to appeal the decision to the Pennsylvania Supreme Court; thus, it became final on September 10, 2005.

Thereafter, LeCount continued to file subsequent PCRA petitions and appeals in Pennsylvania state court.[3] On February 6, 2006, LeCount also filed a federal habeas petition under 28 U.S.C. § 2254. His petition, which was amended in April 2006, included nine claims for relief, one of which was a claim that his trial counsel was ineffective for failing to use a peremptory strike

---

and second PCRA petitions. On January 11, 2005, the trial court provided LeCount with ten volumes of trial transcripts. Nevertheless, on October 16, 2006, when LeCount filed his fourth PCRA petition, he claimed that he was entitled to relief because the trial court had not provided him with transcripts of the voir dire proceedings. In a notice of intention to dismiss the petition, dated October 20, 2006, Judge Nicholas explained that there was no requirement for a court to transcribe voir dire proceedings, and that the December 13, 2004 directive from the Superior Court did not order the trial court to provide LeCount with a transcription of the voir dire proceedings, but only with notes of testimony "necessary or relevant" to LeCount's appeal from his first and second PCRA petitions. Furthermore, Judge Nicholas noted that in LeCount's appeal from his third PCRA petition, the Superior Court had rejected a claim that incomplete transcripts entitled LeCount to relief, as LeCount had not previously made any specific claims with respect to the alleged missing transcripts. Accordingly, on November 2, 2006, Judge Nicholas dismissed LeCount's fourth PCRA petition as untimely, and the Superior Court affirmed on September 19, 2007.

[3]LeCount filed his sixth PCRA petition on July 30, 2012, claiming that Hylan was ineffective because he failed to request transcripts of the voir dire proceedings from the trial. Judge Nicholas dismissed the petition as time-barred on October 3, 2012. This petition was pending on appeal as of September 17, 2013.

3

on a juror who LeCount claims was the wife of the arresting officer. On August 30, 2006, the Honorable James T. Giles approved the report and recommendation of Magistrate Judge Peter B. Scuderi, and denied LeCount's petition. With respect to LeCount's claim of ineffective assistance of trial counsel, Judge Giles concluded that that claim was procedurally defaulted because LeCount had failed to raise the issue in his direct appeal or in his first PCRA petition, instead waiting until his appeal from the first PCRA petition, at which time the claim had been waived. On December 26, 2006, LeCount appealed the decision to the Third Circuit, and on July 2, 2007, the Third Circuit denied LeCount a certificate of appealability. LeCount did not seek to appeal to the U.S. Supreme Court; thus, the decision became final on September 30, 2007.

On February 21, 2013, LeCount filed this motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure, seeking relief from the August 30, 2006 order denying his petition for a writ of habeas corpus. On September 17, 2013 I stayed the motion pending a decision by the Third Circuit in *Cox v. Horn*, 757 F.3d 113 (2014).

**II.     DISCUSSION**

Rule 60(b)(6) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A motion under subsection (b)(6) requires a showing of 'extraordinary circumstances.'" *Brown v. Wenerowicz*, No. 07-1098, 2012 WL 6151191, at *2 (E.D. Pa. Dec. 11, 2012) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). The *Gonzalez* court cautioned that "such circumstances will rarely occur in the habeas context." LeCount claims that, pursuant to the U.S. Supreme Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the denial of his ineffective-assistance-of-trial-counsel claim due to procedural default constitutes such an extraordinary circumstance.

In *Martinez*, the Supreme Court addressed the question of "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S. Ct. at 1315. Ordinarily, a federal court reviewing a petition for writ of habeas corpus will not reach the merits of a claim that a state court declined to hear because the petitioner failed to follow a state procedural rule (a procedurally defaulted claim). *See id*. at 1316. In *Martinez*, however, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 1320. Thus, *Martinez* opened the door to a category of claims that were once not reviewable in a federal habeas proceeding. Post-conviction counsel's failure to raise an ineffectiveness claim concerning trial counsel can constitute "cause", the initial prong of cause and prejudice to excuse procedural default. Accordingly, LeCount asserts that the holding in *Martinez* allows his Rule 60(b)(6) motion to proceed because Walsh did not present LeCount's claim relating to the juror at trial and Hylan did not present LeCount's ineffective-assistance-of-trial-counsel claim relating to the juror in his first PCRA petition—the first time that such an ineffectiveness claim could have been made.

While *Martinez* allows a federal habeas court to review a procedurally defaulted claim based on ineffective assistance of post-conviction counsel in state court for failure to raise an ineffective-assistance-of-trial-counsel claim, *Martinez* did not address the effect of the holding on Rule 60(b)(6) motions. Thus, I stayed this matter pending the Third Circuit's decision in *Cox*.

**III.    CONCLUSION**

In *Cox*, the Third Circuit established that for relief to be granted under Rule 60(b) the petitioner must show "extraordinary circumstances where without such relief, an extreme and unexpected hardship would occur." Moreover, in addition to the change of law brought by *Martinez*, the petitioner must show "much more" for relief to be granted. LeCount's motion for relief from final judgment pursuant to Rule 60(b)(6) requests that the court grant the motion and "allow the procedurally-defaulted claims to properly develop, in the interest of justice."

In *Cox*, the Third Circuit stated that the following factors may be considered:

(1) Whether the 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision; (2) the merits of a petitioner's underlying ineffective assistance of counsel claim which can affect whether the relief based on *Martinez* is warranted; (3) whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago; and (4) the petitioner's diligence in pursuing review of his ineffective assistance of counsel claim.

In his Section 2254 petition, LeCount raised nine issues. Four of those issues (numbers 1, 2, 3 and 8) were dismissed as procedurally defaulted. They are:

> 1. Trial counsel was ineffective for failing to use a peremptory strike to eliminate a juror who was the wife of the arresting officer.
>
> 2. Prosecutorial misconduct arising from the prosecutor expressing his personal belief in the credibility of a witness during his closing argument.
>
> 3. Denial of due process and the right to an impartial jury arising from the failure to eliminate the same juror identified in Issue 1.
>
> 8. Trial counsel was ineffective for (a) failing to object to the trial judge's improper statements during jury instruction, (b) failing to object to the prosecutor's improper statements during closing and (c) failing to act upon LeCount's request during trial.

Only issue 1 is raised here. Judge Giles found that LeCount failed to raise trial counsel's

alleged failure to strike the allegedly biased juror in his appeal and in his first PCRA petition, even after his PCRA counsel wrote to him and asked him to inform counsel of what issues he desired to raise in his PCRA petition. LeCount first attempted to raise the issue before the Superior Court in his pro se appeal from the denial of his first PCRA petition. The waiver that caused the procedural default of this issue was not trial counsel's failure to object to a juror but rather LeCount's failure to raise the issue on direct appeal or in his first PCRA petition that was counseled at the trial level.

LeCount's motion must be denied for several reasons. First, LeCount's motion for relief from final judgment pursuant to Rule 60(b)(6) requests only that the court grant the motion and "allow the procedurally-defaulted claims to properly develop, in the interest of justice," based exclusively on *Martinez*.

LeCount's motion relies on nothing more than *Martinez* itself. Intervening developments in the law by themselves "rarely" constitute the extraordinary circumstances required for relief under Rule 60(b)(6). He asserted nothing in his motion to support the "much more" in addition to the *Martinez* decision itself required by *Cox* to justify relief.

Second, in his letter brief filed May 11, 2015 the specific question which LeCount is raising at this time is that his trial counsel was ineffective for failing to use a peremptory strike to eliminate a juror, not that his PCRA counsel was ineffective for failing to raise this in his PCRA petition. The *Martinez* exception applies only where the petitioner demonstrates ineffective assistance by post-conviction counsel, as well as a "substantial" claim of ineffective assistance at trial. *Martinez*, 132 S.Ct. at 1318.[4]

---

[4] In his letter brief response, LeCount also raises the issue that he did not receive a copy of the transcript of the voir dire questioning at his trial. However, this issue was raised in his original Section 2254 petition (issue 9). Judge Giles denied this claim based on LeCount's

Third, it is doubtful that LeCount's 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision. *Martinez* was issued on March 20, 2012. This motion was filed on February 21, 2013. This factor weighs against granting the motion.

Fourth, LeCount also states that he requested his trial counsel to strike a potential juror and his counsel did not do so. However, he then goes on to state that his trial counsel stated that "I needed as many Black people on my jury as possible". Thus, by his own words, LeCount acknowledges that his trial counsel met the "performance" prong of the *Strickland* standard. This was clearly a reasonable trial strategy that trumps LeCount's claim absent more specifics as to the husband's alleged involvement in either the investigation of the crime or participation in the trial. Thus, the merits of the claim are doubtful. A court need not provide a remedy under 60(b)(6) for claims of dubious merit that only weakly establish ineffective assistance by trial or post-conviction counsel. *Cox*, 757 F.3rd at 125.

Fifth, LeCount's conviction was final on January 5, 2004 and his initial federal habeas proceeding was final on September 30, 2007. They thus ended years ago. This factor weighs heavily against LeCount.

Finally, LeCount was not at all diligent in pursuing review of his ineffective assistance of counsel claim.

LeCount had several opportunities in the state court to meaningfully challenge the performance of trial counsel, but failed to do so. Specifically, he did not raise the ineffectiveness claim in his pro se PCRA petition. When his appointed counsel asked him for more specific

---

failure to demonstrate any colorable need for the material based on *Mayer v. City of Chicago,* 404 U.S. 189, 195 (1971). This decision by Judge Giles was affirmed by the Third Circuit on July 2, 2007. This issue has, therefore, already been litigated on its merits and was not procedurally defaulted; therefore, *Martinez* does not apply.

information about his general allegation of ineffectiveness of trial counsel, LeCount again failed to raise the claim raised here.  When the PCRA court granted counsel permission to withdraw and issued its notice of intent to dismiss, it specifically notified LeCount that his ineffectiveness claim was defective because he "cited no specific example of ineffectiveness by [trial counsel]." The PCRA court granted LeCount twenty days to respond to the proposed dismissal.  LeCount did, in fact, file an objection, but in that objection he raised only the failure of the court to instruct the jury on self-defense.  He was thus clearly not diligent in pursing his claim, a fatal deficiency.

       The motion will be denied.